IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EMANUEL MOIS,

Petitioner,

v.

WARDEN, FCI SHERIDAN,

Respondent.

Case No. 3:26-cv-00513-CL

ORDER

---

MCSHANE, Judge:

Magistrate Judge Mark D. Clarke issued a Findings and Recommendation (F&R, ECF No. 7), and the matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72. Petitioner filed objections (Objs., ECF No. 12), and accordingly the Court reviews *de novo*. *See United States v. Bernhardt*, 840 F.2d 1441, 1444–45 (9th Cir. 1998). "In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate[] [judge's] proposed findings and recommendations." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citation omitted). The Court finds no error and concludes the report is correct.

Judge Clarke recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed for lack of jurisdiction and that no certificate of appealability be issued. Here, Petitioner

faults Judge Clarke's report for not "fully address[ing]" the "procedural circumstances" he presented in his Petition, which he argues make relief under 28 U.S.C. § 2241 available to him pursuant to the "savings clause" of 28 U.S.C. § 2255(e).[1] Federal review under § 2241 is available when a petitioner "makes a claim of actual innocence," and show they have not had an "unobstructed procedural shot" at presenting that claim. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

In his Objections, Petitioner makes no showing that any of his alleged "documentary support necessary to fully develop several of his constitutional claims" (Objs. 2) would be sufficient to "demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Marrero v. Ives*, 682 F.3d 1190, 1192–93 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 898); *see Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). For purposes of § 2241, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see Stephens*, 464 F.3d at 899 ("A jury might conceivably convict an innocent person . . . because of an instruction given in violation of [Supreme Court precedent], but the mere fact of an improper instruction is not sufficient to meet the test for actual innocence."). But Petitioner ties his objections only to "constitutional claims," not his factual innocence.

[1] The U.S. Court of Appeals for the Ninth Circuit considered Petitioner's argument regarding "lack of access to records and transcripts" upon denying his request for leave to file a second or successive petition for writ of habeas corpus under § 2255. F&R at 3–4.

Further, the mere presence of new facts does not demonstrate that Petitioner lacked an unobstructed procedural shot at presenting his actual innocence claim. He has not established that "Bureau of Prisons transfers, the loss or unavailability of records and transcripts, COVID-related institutional restrictions, and the eventual acquisition of records by Petitioner's family through PACER" (Objs. 2–3) are circumstances that meant his claims "'did not become available' until after [the relevant] federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (considering "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion" (internal quotations omitted)). Petitioner's assertion that his arguments nevertheless warranted "fuller consideration" is insufficient. Objs. 3. Instead, the Court finds Petitioner's contention now that Judge Clarke's report does not "*expressly* explain why the additional procedural circumstances alleged in the Petition" is merely an objection to its form and is not error. *Id.* at 2 (emphasis in original).

Judge Clarke's Findings and Recommendation (ECF No. 7) is adopted in full. Petitioner's Petition (ECF No. 1) is dismissed for lack of jurisdiction and judgment shall be entered dismissing this action. The Court also declines to issue a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 15th day of September 2026.

s/Michael J. McShane
Michael J. McShane
United States District Judge